### R. H. THORNTON v. CINCINNATI.

1. CONSTITUTIONAL LIMITATIONS UPON STREET ASSESSMENT MAY BE WAIVED.

The constitutional limitation that special assessments against property abutting on a street improvement to pay the cost thereof must not exceed the benefits, may be waived by contract; or, the abutting owners may, by conduct *in pais*, estop themselves from pleading such limitation. Hence, where such owners severally and jointly agree, in a petition for a street improvement and under which it was made, to pay the assessment of a certain proportion of the construction and "irrespective of the number of owners of property signing this petition," they are thereby estopped from pleading that the assessments exceed the benefits, or that the owners of three-fourths of the abutting front feet did not join in the petition as required by Sec. 2272 Rev. Stat. Whether the improvement was made under Sec. 2272 Rev. Stat., or under the municipality's general grant of power, is immaterial. Birdseye v. Clyde (Vil.), 61 Ohio St. 27, distinguished.

2. MUNICIPALITIES HAVE POWER TO MAKE STREET IMPROVEMENTS WITHOUT PETITION OF ABUTTERS.

The municipalities of this state have jurisdiction and power to make street improvements without the filing of a petition by abutting property owners therefor.

ERROR to court of common pleas of Hamilton county.

**F. M. Coppock, A. T. Brown** and **O. W. Kuhn,** for plaintiff.

**Chas. J. Hunt** and **J. V. Campbell,** for defendant.

JELKE, J.

The petition to the board of administration under which this improvement was made reads as follows:

"We, the undersigned, owners of property represented by the feet front abutting upon Fairview avenue from the south end thereof to Straight street, hereby petition your honorable body for the improvement of said Fairview avenue between the points aforesaid, by asphalt pavement and granite curbs, the roadway to be forty feet in width, to such changed grade as your board may establish. And we respectively agree not to make any claim for damages on account of such changed grade, and for the assessment for the whole cost of such improvement except fifty per cent. of the entire cost of the improvement and the cost of intersections, to be made and collected in ten (10) equal annual installments; and in case the bonds of the city are issued in anticipation of the assessment thus petitioned for, then that the interest on said bonds be collected in ten (10) installments, the same and in like manner

as the assessment installments aforesaid, or that the interest install-
ments be numbered and assessed according to the number of years the
bonds may have to run.

"And in consideration of the city's making said improvement,
we and each of us further agree with each other and with said city, and
we jointly and severally bind ourselves, to pay such assessment irrespec-
tive of the number of owners of property signing this petition."

Counsel for the city claim that by reason of signing this petition
the signers thereof are estopped from setting up any statutory or con-
stitutional limitation on the amount of the assessment and from claim-
ing that such assessment should be anything less than acutal cost, or
that the same exceeds the special benefits to their respective properties.
Counsel for plaintiffs herein, signers of said petition, claim that they
are not so estopped and rely upon the case of Birdseye v. Clyde (Vil.),
61 Ohio St. 27 [55 N. E. Rep. 169]. Special emphasis is laid upon the
language of the Supreme Court on page 38:

"And, it can hardly be supposed that the plaintiffs who signed the
petition for the improvement intended thereby to donate their entire
property to the public, or, what is practically the same thing, consent
to an assessment that would amount to its confiscation. They evidently
contemplated that some special benefit would accrue to them from the
construction of the improvement, which could not possibly be the case
if the substantial value of their property were taken to pay the assess-
ment laid upon it. The petition must be construed in the light of
this situation, and so as to effectuate the manifest intention of the
parties."

The improvement in the village of Clyde was made under a special
act, 90 O. L. L. 434, which, among other things, provides:

"Provided, however, that two-thirds of the cost for improving
and paving any street, and of constructing a sewer under such paved
part, for which said street improvement fund shall be used, shall be
assessed on the real estate bounding and abutting thereon, and accord-
ing to the foot frontage of the real estate so bounding and abutting as
provided by the laws of the state of Ohio."

The Supreme Court expressly holds that the reference to "the
laws of the state of Ohio" brings Sec. 2270 Rev. Stat. into contempla-
tion and makes it part of the body of law applicable to the improve-
ment in the village of Clyde. Section 2270 Rev. Stat. provides a limi-
tation of twenty-five percentum of the tax value of the property
assessments.

The Supreme Court does not deny the application of the doctrine
of estoppel in Birdseye v. Clyde, *supra,* but says that the estoppel shall

not extend beyond the *intention* which the court finds in the paper which the property owners signed. The court finds that said petition was signed with the limitation of Sec. 2270 Rev. Stat. in view.

The case of Birdseye v. Clyde, *supra*, went to the Supreme Court from the sixth circuit. That case came on for application before the judges of that circuit in the case of Blair v. Cary, 24 O. C. C. 560, and in the course of their opinion the court, per Parker, J., say on page 571:

"It is urged by counsel for plaintiff in error that the case of Birdseye v. Clyde (Vil.), 61 Ohio St. 27 [55 N. E. Rep. 169], is in point here and has some influence upon the construction of this provision of Sec. 2272 Rev. Stat., but we cannot so understand it and we do not think that is true. In that case, the act under consideration was a special act for the city of Clyde, and it contained no limitation whatever; it did not contain a provision, as this section does, that the assessment should be a valid lien against the property, although it might exceed twenty-five percentum of the value; it contained no provision upon the subject.

"Our construction of the law was that that being the only act invoked (the petition being under the act), and it containing no limitation, there was no limitation, and that, therefore, they might disregard the twenty-five per cent. limitation fixed in Sec. 2270 Rev. Stat. The Supreme Court, however, took a different view; it held that in the absence of any express provision, the limitation fixed by Sec. 2270 Rev. Stat. should be read into it and be considered as a part of the act, and that for the protection of persons proceeding under that special act as well as others. But here we have a case of an express provision applicable to the city of Toledo to the effect that notwithstanding an assessment may exceed twenty-five per cent. of the value, it shall be valid as against persons signing the petition; and we think, therefore, that the plaintiff has no ground of complaint upon that score."

The improvement in the case at bar was either made under Sec. 2272 Rev. Stat., or under the general powers of a municipality to make improvements and assess the cost thereof not exceeding special benefits on the abutting property irrespective of specific statutory provision.

Section 2272 Rev. Stat. provides:

"When a petition subscribed by three-fourths in interest of the owners of property abutting upon any street or highway of any description between designated points, is regularly presented to the council for the purpose, the cost of any improvement of such street or highway may be assessed and collected in equal annual installments, proportioned to the whole assessment in a manner to be indicated in the petition, or if not so indicated, then in the manner which may be fixed by council.

It is said that three-fourths of the abutting front feet have not joined and hence this improvement and assessment cannot have been under Sec. 2272 Rev. Stat.

But the signers of the above petition have expressly estopped them-selves from making this objection, having agreed with the city and each other "to pay such assessment irrespective of the number of owners of property signing the petition." Whether this improvement was made under Sec. 2272 Rev. Stat., or the city's general powers, is all the same because the objection here is that assessment beyond the special benefits is unconstitutional.

There is no doubt of this constitutional limitation, but this may be waived by contract or parties by conduct *in pais* may estop themselves from setting it up. State v. Mitchell, 31 Ohio St. 592; Tone v. Colum-bus, 39 Ohio St. 281 [48 Am. Rep. 438].

Now let us do here what the Supreme Court did in Birdseye v. Clyde, *supra*—find out what the signers intended by what they said in the paper which they signed and then hold them bound by estoppel to that extent and no further. There is no ambiguity in what they said; they asked the city to make the improvement and said they would pay the whole cost thereof, less fifty per cent. and the cost of intersections. They said to the city, we will be the arbiters of our own economy; we want this and we will pay for it and we will take the chances and responsibility of our property being sufficiently specially benefited; else the petition would be a nullity and have no force and significance. The city could have done, what the property owners say it could have done, without the petition as well as with it.

The petition in Birdseye v. Clyde, *supra*, had to be read with and have read into it the special law and all the other law which the special law drew into itself.

The petition in the case at bar was not needed to confer jurisdic-tion or power, its sole office was to avoid and surrender the constitu-tional limitation.

We find nothing in the case of McGlynn v. Toledo, 12 Circ. Dec. 15 (22 R. 34), out of harmony with this conclusion. Hence we are of opinion that the signers of the petition in the case at bar are estopped from setting up the constitutional limitation of special benefits.

The assessment should be reduced by so much of the cost of inter-sections as was included therein.

**Giffen** and **Swing, JJ.,** concur.